IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WORLDCLASS PROCESSING, INC., ) | |
| ) | |
| ) | |
| WORLDCLASS PROCESSING, INC., ) | Civil Action No. 05-431 |
| ) | |
| Appellant, ) | |
| ) | |
| -vs- ) | Adv. No.  00-02672 |
| ) | |
| AT&T CAPITAL CORPORATION, AT&T ) | Bkcy. No. 98-29986 - JKF |
| COMMERCIAL FINANCE CORPORATION, ) | |
| NEWCOURT FINANCIAL CORPORATION and ) | |
| CIT CORPORATION, ) | |
| ) | |
| Appellees. ) | |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION and ORDER**

This action arises out of a series of events relating to Debtor Worldclass Processing, Inc.'s ("WCP") loan transaction with Defendants ("CIT").[1] On appeal is the February 10, 2005 Order of the Bankruptcy Court dismissing with prejudice WCP's Amended Complaint, and denying WCP's Motion for Summary Judgment.

Broadly speaking, WCP challenges two aspects of the bankruptcy court's decision: first, the dismissal of claims based on events occurring after November 7, 1995, as well as those before that date, as barred by a previous state court order;

---

[1] In the Bankruptcy Court, all Defendants, including AT&T, were referred to as "CIT," a successor to AT&T.  I will continue that practice here.

and second, the dismissal of WCP's objection to CIT's proof of claim, which was based on the doctrine of recoupment.

All parties appear to agree that the state court decision at issue required dismissal of WCP's claims resting on events prior to November 7, 1995. They further acknowledge that the Amended Complaint makes factual allegations regarding events occurring after that period.

For example, the Amended Complaint alleges that in early 1997 AT&T caused WCP's board of directors to approve a particular resolution; that in May of 1996, AT&T caused WCP to default on its payments to another entity; that, some time after November of 1996, AT&T reneged on an agreement to loan WCP money; that AT&T prevented WCP from accepting an offer of purchase in 1997; and that AT&T otherwise caused WCP to file for bankruptcy as the result, in part, of AT&T's actions in 1998.

It is not entirely clear why the Bankruptcy Court found these allegations insufficient to sustain any cause of action asserted. For example, in its otherwise thorough opinion, the court does not explicitly identify the standard of review or burdens applied to the motion before it, nor does it set forth the elements or other law defining the pertinent causes of action, or applicable preclusion principles. Moreover, the parties refer to various hearing transcripts before the Bankruptcy Court, the contents of which are not recounted or expressly relied on in the disputed Order.

Under the circumstances present here, I am not satisfied that the record permits a competent review of the order under appeal. It would be significantly

more efficient, and would avoid a needlessly confused record, to seek clarification from the Bankruptcy Court regarding the bases for its holdings.   Cf., Hager v. Gibson, 109 F.3d 201, 208 (4th Cir. 1997).

I will, therefore, remand this matter to the Bankruptcy Court for clarification and explication of the grounds for and standards applied to the Order under appeal.[2]  I will retain jurisdiction of this matter and the appeal, and remand for the sole purpose enumerated herein.  Following the Bankruptcy Court's action, I will assess the need for further briefing.

AND NOW, this **21st** day of November, 2005, it is  ORDERED that this matter is remanded to the Bankruptcy Court for clarification and explication of the grounds for and standards applied to the Order of Court dated February 10, 2005, denying Motion for Summary Judgment and Granting Motion to Dismiss Complaint.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

[2] My chamber rules prohibit incorporation by reference. Following remand, however, the parties may, if they wish, resubmit their briefs already filed in this matter along with supplemental briefs if necessary.